UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Jonathan W. Deitz and
Stephanie J. Dietz,                                    Bankruptcy No. 08-30689
                                                       Chapter 7
             Debtors.
_____/

Security First Bank,

             Plaintiff,

             vs.                                   Adversary No. 08-7032

Jonathan W. Dietz and
Wellness Dimension, P.C.,

             Defendants.
_____/

**MEMORANDUM AND ORDER**

      This case is before the Court on two separate motions: Defendants Jonathan W. Dietz and Wellness Dimension, P.C.'s motion for summary judgment and Plaintiff Security First Bank's motion to amend complaint.

      By complaint filed November 4, 2008, Plaintiff initiated an adversary proceeding seeking a determination that certain debts owed by Defendants are nondischargeable pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 523(a)(2)(B) and (4). Plaintiff further seeks to impose a lien against all assets of Wellness Dimensions, P.C. Defendants filed their answer on November 17, 2008.

      Defendants filed a motion for summary judgment on January 7, 2009, moving the Court to find that there are no issues of material fact and to find as a matter of law that Plaintiff has failed to prove the elements for nondischargeability under 11 U.S.C. § 523(a)(2)(B) and (4). Defendants

further assert this Court does not have jurisdiction to hear and determine Plaintiff's claim pursuant to 28 U.S.C. § 157 and 1334. Plaintiff filed a brief in opposition to Defendants' motion for summary judgment on February 6, 2009. Defendants further filed a reply memorandum in support of its motion for summary judgment on February 13, 2009.

Also on February 13, 2009, Plaintiff filed a motion to amend complaint. Defendants filed a brief in opposition to Plaintiff's motion to amend complaint on February 24, 2009, and Plaintiff filed a response to Defendants' brief in opposition to Plaintiff's motion to amend complaint on March 2, 2009.

FINDINGS OF FACT

In 2005, Defendant Dietz was president of Jonathan Chiropractic, P.C. Defendant Dietz sought a loan from Plaintiff, and on May 13, 2005, Defendant Dietz provided Plaintiff with a financial statement indicating a net worth of $545,119.00. On May 25, 2005, as president, Defendant Dietz signed the promissory note and revolving line of credit for $100,000.00. The loan was a multiple-advance, open-end credit loan for the purpose of purchasing equipment and advertising. Defendant Dietz also signed a personal guaranty for the loan. The following year, Defendant Dietz provided Plaintiff with a financial statement indicating a net worth of $799,571.00 on July 26, 2006. The original loan was renewed in July 2006, and Defendant Dietz again signed a new promissory note and revolving line of credit agreement, as president. Defendant Dietz also signed a personal guaranty. Plaintiff advanced funds on the loan in the amount of $86,500.00 in April 2007. As in the previous two years, Defendant Dietz submitted to Plaintiff a financial statement on June 15, 2007, indicating a net worth of $1,860,583.00 and assigned an approximate value of $825,000.00 to the corporation. Defendant Dietz signed a new promissory note and

2

revolving line of credit agreement as president on July 20, 2007. Defendant Dietz also signed a commercial security agreement and a personal guaranty.

Defendant Dietz filed a chapter 7 bankruptcy petition on July 10, 2008. On the same day, Defendant Dietz formed Wellness Dimensions, P.C.

Plaintiff's Complaint, filed November 4, 2008, alleges Plaintiff relied upon the accuracy of the June 15, 2007 financial statement, and Defendant Dietz induced Plaintiff to make the July 2007 loan based upon that financial statement. Plaintiff further alleges Defendant Dietz knew the financial statement was materially false and misleading and published it with the intent to deceive Plaintiff. Plaintiff also alleges it holds a "wrap around" security interest in all assets of Jonathan Chiropractic, P.C. and it continues to hold all assets as collateral. Plaintiff alleges Defendant willfully and wrongfully transferred a substantial portion of the assets to Wellness Dimensions, P.C. ignoring Plaintiff's security interest to the detriment of Plaintiff. Plaintiff further alleges that all transfers created a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

Attorney Kip M. Kaler, representing the chapter 7 trustee assigned to this case, conducted a 2004 examination on November 26, 2008. Plaintiff submitted a partial transcript of the 2004 examination to demonstrate Defendant Dietz's intent, admission of lack of record keeping and failure to provide records. Plaintiff argues that when the personal financial statements and Defendant Dietz's transcript are compared, there are indications that the personal financial statements were false, misleading, and/or deceptive.

On December 22, 2008, Plaintiff filed a motion to compel discovery. On January 28, 2008, this Court denied Plaintiff's motion to compel on the ground that Plaintiff had failed to demonstrate

the meet and confer requirement had been met. The Court did not address Plaintiff's allegations contained in Plaintiff's motion to compel.

Defendants also filed a motion to continue trial and for an extension of discovery requesting a 90-day extension on the discovery deadline and a continuation of the trial for least 150-days. Plaintiff objected to Defendants' motion to continue. This Court granted the motion for a continuance and an extension of the discovery deadline on April 2, 2009.

## CONCLUSIONS OF LAW

A.    Motion to Amend Complaint

The disposition of a motion to amend is within the sound discretion of the district court. Sprynczynatyk v. General Motors Corp., 771 F.2d 1112, 1125 (8th Cir. 1985). Rule 15(a) of the Federal Rules of Civil Procedure states, "The court should freely give leave when justice requires."

Plaintiff alleges that new information has come to light after reviewing the 2004 examination transcript and the documents produced by Defendants during and following the 2004 examination. Based upon the facts that new information has surfaced and this Court has also already granted a discovery extension and trial continuance, there is no undue delay, nor is it disruptive to the trial schedule to allow Plaintiff to amend its complaint.

B.    Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs the granting of summary judgment motions and is made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment is appropriate if, "assuming all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tudor Oaks Ltd. P'ship v. Cochrane (In re

4

Cochrane), 124 F.3d 978, 981-82 (8th Cir. 1997), cert. denied, 522 U.S. 1112 (1998) (citations omitted).  Procedurally, the initial burden is on the moving party to establish the lack of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Dennis v. Novotny (In re Novotny), 224 B.R. 917, 921 (Bankr. D.N.D. 1998).  However, summary judgment will not be granted in the moving party's favor "unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" Simundson v. United Coastal Ins. Co., 951 F. Supp. 165, 166-67 (D.N.D. 1997) (quotation omitted). The court views the record in light most favorable to the nonmoving party and affords that party all reasonable inferences. Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008).

To prevail on their motion for summary judgment, Defendants have the burden of proving there is no genuine issue of material fact in this case. In their motion for summary judgment, Defendants assert that Plaintiff has failed to prove the elements for nondischargeability under 11 U.S.C. § 523(a)(2)(B) and (4).

Section 523(a)(2)(B) provides an exception to discharge:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>   (B) use of a statement in writing--
>     (i) that is materially false;
>     (ii) respecting the debtor's or an insider's financial condition;
>     (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>     (iv) that the debtor caused to be made or published with intent to deceive.

Section 523(a)(4) provides an exception to discharge if there was "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]"

Defendants' 61-page motion for summary judgment essentially seeks to shift its burden of proving there is no genuine issue of material fact onto Plaintiff by forcing Plaintiff to present and

5

try its case on paper instead of at trial. At the time Defendants' motion for summary judgment was filed, the discovery deadline had not yet passed and discovery was not and still is not complete. In turn, Plaintiff filed an 82-page objection to Defendant's motion in an attempt to prove its case. As stated previously, Plaintiff asserts there are newly surfacing facts.

In this case, the parties do not dispute that Defendant Dietz's financial statement was a statement in writing outlining Defendant Dietz's financial condition and was provided in order for an extension, renewal or refinancing of credit. The outcome of the dischargeability issue requires a determination as to whether the documents were materially false, whether Plaintiff reasonably relied on the documents and whether Defendants caused to be made or published the documents with the intent to deceive. Plaintiff argues that when the personal financial statements and Defendant Dietz's deposition are compared, there are indications that the personal financial statements were false, misleading, and/or deceptive. Defendants suggest Plaintiff's argument is not a statement of fact but rather an opinion. Defendant fails to recognize, however, that it is such comparisons that this Court evaluates in making determinations as to intent to deceive or to commit fraud or defalcation.

In an attempt to defeat Plaintiff's claims of reliance on the June 15, 2007 financial statement, Defendants argue the last amount loaned by Plaintiff was in April 2007, prior to Defendant's submission of the June 2007 financial statement. The parties agree Defendant Dietz gave financial statements to Plaintiff prior to the first loan and prior to each renewal. Although no money was loaned after the June 2007 financial statement, Defendants ignore the fact that the debt at issue is a renewal loan of a revolving line of credit. Plaintiff alleges the renewal of the existing loan was based on the June 2007 financial statement. Had the financial information reflected a substantially

6

lower net worth, it is a valid question whether Plaintiff would have renewed the loan and the revolving line of credit. The validity of the information provided by Defendant Dietz in the June 2007 financial statement is a material fact at issue, as is Defendants' intent to deceive or to commit fraud or defalcation.

In this case, the parties have filed numerous voluminous motions, and each has been followed by a plethora of responses and replies from both sides. The parties have a distinct inability to negotiate. Looking back to Plaintiff's motion to compel discovery responses, this Court denied Plaintiff's motion based on the fact that Plaintiff failed to demonstrate it met the requirement to meet and confer. Although this Court declined to review the allegations in Plaintiff's motion to compel, the Court recognizes that discovery has not come easily between the parties nor is it complete. Allegations remain that Defendant Dietz has not been forthcoming in providing discovery and has failed to keep or produce records. The partial transcript from the 2004 examination demonstrates there are material facts at issue. Without discovery being complete and presentation of all the evidence, this Court cannot make a determination as to the accuracy of the financial statements, Plaintiff's reliance upon those statements, Defendant Dietz's intent in publishing the financial statements, or Defendant Dietz's intent and actions related to the conveyance his assets.

Considering the 158 pages of documents relating to the motion for summary judgment, it is abundantly clear that the parties disagree and that numerous material facts remain at issue, including newly surfacing facts. Defendants have not established the right to judgment with such clarity to leave no room for controversy. Viewing the record in light most favorable to Plaintiff, summary judgment is not appropriate at this juncture. As such, Defendants are not entitled to judgment as a matter of law.

The Court has considered Defendants' claim that this Court does not have jurisdiction to hear Plaintiff's claims under 28 U.S.C. 157 and 1334, and deems it to be without merit..

Accordingly, Defendants Jonathan W. Dietz and Wellness Dimension's motion for summary judgment is **DENIED** and Plaintiff Security First Bank's Motion to Amend Complaint is **GRANTED**.

**SO ORDERED.**

Dated this April 13, 2009

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**