UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Jonathan W. Deitz and
Stephanie J. Deitz,   Bankruptcy No. 08-30689
   Chapter 7
                Debtors.
_____/

Security First Bank,

        Plaintiff,

        vs.   Adversary No. 08-7032

Jonathan W. Deitz and
Wellness Dimension, P.C.,

        Defendants.
_____/

**MEMORANDUM AND ORDER**

      This case is before the Court on Plaintiff Security First Bank's motion for pre-judgment protection and application for appointment of a pre-judgment receiver.

      By complaint filed November 4, 2008, Plaintiff initiated an adversary proceeding seeking a determination that certain debts owed by Defendants Jonathan W. Deitz and Wellness Dimension, P.C. are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B) and (4). Plaintiff further seeks to impose a lien against all assets of Wellness Dimensions, P.C. Defendants filed their answer on November 17, 2008. Plaintiff filed an amended complaint on June 2, 2009, alleging the debts owed by Defendants are nondischargeable pursuant to 11 U.S.C. § 523, and seeking a denial of Debtors' bankruptcy discharge under 11 U.S.C. §727(a)(3).

Plaintiff filed a motion for pre-judgment protection and an application for appointment of pre-judgment receiver on June 16, 2009. Defendants filed an objection to Plaintiff's motion and application on June 30, 2009. Plaintiff filed a response to Defendants' objection on July 7, 2009.

## FINDINGS OF FACT

In 2005, Defendant Deitz was president of Jonathan Chiropractic, P.C. Defendant Deitz sought a loan from Plaintiff, and on May 13, 2005, Defendant Deitz provided Plaintiff with a financial statement indicating a net worth of $545,119.00. On May 25, 2005, Defendant Deitz, as president, signed a promissory note and revolving line of credit agreement for $100,000.00. The loan was a multiple-advance, open-end credit loan for the purpose of purchasing equipment and advertising. Defendant Deitz also signed a personal guaranty for the loan. The following year, Defendant Deitz provided Plaintiff with a financial statement indicating a net worth of $799,571.00 on July 26, 2006. The original loan was renewed in July 2006, and Defendant Deitz again signed a new promissory note and revolving line of credit agreement, as president. Defendant Deitz also signed a personal guaranty. Plaintiff advanced funds on the loan in the amount of $86,500.00 in April 2007. As in the previous two years, Defendant Deitz submitted to Plaintiff a financial statement on June 15, 2007, indicating a net worth of $1,860,583.00 and assigned an approximate value of $825,000.00 to the corporation. Defendant Deitz signed a new promissory note and revolving line of credit agreement as president on July 20, 2007. Defendant Deitz also signed a commercial security agreement and a personal guaranty.

Defendant Deitz filed a chapter 7 bankruptcy petition on July 10, 2008. On the same day, Defendant Deitz formed Wellness Dimensions, P.C.

Plaintiff filed its Complaint on November 4, 2008, alleging Plaintiff relied upon the accuracy of the June 15, 2007 financial statement, and Defendant Deitz induced Plaintiff to make the July 2007 loan based upon that financial statement. Plaintiff further alleges Defendant Deitz knew the financial statement was materially false and misleading and published it with the intent to deceive Plaintiff. Plaintiff also alleges it holds a "wrap around" security interest in all assets of Jonathan Chiropractic, P.C. and it continues to hold all assets as collateral. Plaintiff alleges Defendant willfully and wrongfully transferred a substantial portion of the assets to Wellness Dimensions, P.C., ignoring Plaintiff's security interest to the detriment of Plaintiff. Plaintiff further alleges that all transfers created a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

In its motion and application for a pre-judgment receiver, Plaintiff makes new allegations that Defendant Jonathan Deitz is in the process of "now selling" his chiropractic business. Plaintiff filed an affidavit by its President, David Ludwig to support its application for a pre-judgment receiver. Ludwig states that Plaintiff does not trust Defendant Deitz.

Defendants argue that Plaintiff's allegation that Defendant Deitz is "now selling" his chiropractic business is unfounded. Defendants argue that Plaintiff is a mere creditor seeking a money judgment and is not entitled to have a receiver appointed because Plaintiff cannot prove it has a lien or interest in any of the property of Defendant Wellness Dimension. Further, Defendants argue that another creditor, First Community Credit Union, held a first position lien in the assets of Jonathan Chiropractic, P.C., and Plaintiff had a second position lien. Further, Defendants contend that 1) First Community Credit Union gave notice to Plaintiff that it was repossessing the assets of Jonathan Chiropractic, P.C., 2) the assets were then sold at a valid sale 3) Plaintiff did not exercise

its right to redeem, and, thereby 4) Plaintiff's second position lien was cut off by operation of law. Defendants also question whether Plaintiff has standing to seek to impose a receivership on a non-debtor entity, Wellness Dimension, P.C.

## CONCLUSIONS OF LAW

Rule 7064 of the Federal Rules of Bankruptcy Procedure provides that every remedy is available that, under state law, provides for seizing property to secure satisfaction of a potential judgment. North Dakota Century Code Section 32-10-01(1) states that a receiver may be appointed by the court in which an action is pending:

> 1. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to the creditor's claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund or the proceeds thereof is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured.

The decision to appoint a receiver rests in the sound discretion of the court. Grinaker v. Grinaker, 553 N.W.2d 200, 201 (N.D. 1996).

Defendants cite a North Dakota Supreme Court case, Baird v. Agricultural Credit Corp., 253 N.W. 164 (N.D. 1934) which involved an action to recover money. In Baird, there was no "property or fund" in which the plaintiff had any special interest, nor did the plaintiff have a lien or right to a lien. 253 N.W. 164, 166. In Baird, the North Dakota Supreme Court held that a creditor seeking a money judgment was not entitled to have a receiver appointed for the allegedly insolvent corporation, where the creditor had no lien on the property and showed no interest in any fund or property in its possession. Id.

4

In this case, Defendants admit that Jonathan Chiropractic, P.C. was previously sold, but that Plaintiffs received notice of that prior sale and Plaintiff did not exercise its right to redeem at the time of the sale. There is no evidence that Defendant Deitz is "now selling" his chiropractic business, and that allegation appears unfounded. Plaintiff's president merely asserts Plaintiff does not "trust" Defendant Jonathan Deitz. This feeling of discomfort is not sufficient grounds to appoint a receiver. Further, Plaintiffs do not currently hold any liens on the property of non-debtor Defendant Wellness Dimension, P.C.

Accordingly, Plaintiff Security First Bank's motion for pre-judgment protection and application for appointment of pre-judgment receiver is **DENIED**.

**SO ORDERED.**

Dated this July 15, 2009

**WILLIAM A. HILL, JUDGE
U.S. BANKRUPTCY COURT**