UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Jonathan W. Deitz and
Stephanie J. Deitz,                                          Bankruptcy No. 08-30689
                                                             Chapter 7
               Debtors.
_____/

Security First Bank,

               Plaintiff,

               vs.                                      Adversary No.  08-7032

Jonathan W. Deitz and
Wellness Dimension, P.C.,

               Defendants.
_____/

**MEMORANDUM AND ORDER**

This case is before the Court on two separate motions: Defendants Jonathan W. Deitz and Wellness Dimension, P.C.'s motion for partial judgment and Plaintiff Security First Bank's motion to compel discovery.

By complaint filed November 4, 2008, Plaintiff initiated an adversary proceeding seeking a determination that certain debts owed by Defendants Jonathan W. Deitz and Wellness Dimension, P.C. are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B) and (4). Plaintiff further seeks to impose a lien against all assets of Wellness Dimensions, P.C. On November 11, 2008, Plaintiff served Defendants with Interrogatories and Requests for Production of Documents. On December 15, 2008, Defendants each responded to Plaintiff's demand for production of documents in separate responses. Defendants filed their answer on November 17, 2008. On December 22, 2008, Plaintiff

filed a motion to compel discovery. On January 28, 2008, this Court denied Plaintiff's motion to compel on the ground that Plaintiff had failed to demonstrate the meet and confer requirement had been met. The Court did not address Plaintiff's allegations contained in Plaintiff's motion to compel.

Defendants filed a motion for summary judgment on January 7, 2009, moving the Court to find that there are no issues of material fact and to find as a matter of law that Plaintiff has failed to prove the elements for nondischargeability under 11 U.S.C. § 523(a)(2)(B) and (4).

On February 13, 2009, Plaintiff filed a motion to amend complaint.

In its Memorandum and Order, filed April 13, 2009, this Court denied Defendants' motion for summary judgment and granted Plaintiff's motion to amend complaint.

Plaintiff filed an amended complaint on June 2, 2009, alleging the debts owed by Defendants are nondischargeable pursuant to 11 U.S.C. § 523, as well as seeking a denial of Debtors' bankruptcy discharge under 11 U.S.C. § 727(a)(3). On June 26, 2009, Defendants filed a motion for partial judgment on the pleadings relating to Plaintiff's claims under 11 U.S.C. § 727. On July 8, 2009, Plaintiff filed a motion to compel discovery and a certification affidavit. On the same day, Plaintiff also filed its brief in opposition to Defendants' motion for partial judgment. On July 15, 2009, Defendant filed a reply brief in support of its motion for partial judgment. On July 23, 2009, Defendants filed a response to Plaintiff's motion to compel discovery consisting of 187 pages inclusive of exhibits.

FINDINGS OF FACT

In 2005, Defendant Deitz was president of Jonathan Chiropractic, P.C. Defendant Deitz sought a loan from Plaintiff, and on May 13, 2005, Defendant Deitz provided Plaintiff with a financial statement indicating a net worth of $545,119.00. On May 25, 2005, Defendant Deitz, as

2

president, signed a promissory note and revolving line of credit agreement for $100,000.00. The loan was a multiple-advance, open-end credit loan for the purpose of purchasing equipment and advertising. Defendant Deitz also signed a personal guaranty for the loan. The following year, on July 26, 2006, Defendant Deitz provided Plaintiff with a financial statement indicating a net worth of $799,571.00. The original loan was renewed in July 2006, and Defendant Deitz again signed a new promissory note and revolving line of credit agreement, as president. Defendant Deitz also signed a personal guaranty. Plaintiff advanced funds on the loan in the amount of $86,500.00 in April 2007. As in the previous two years, Defendant Deitz submitted to Plaintiff a financial statement on June 15, 2007, this time indicating a net worth of $1,860,583.00 and assigning an approximate value of $825,000.00 to the corporation. Defendant Deitz signed a new promissory note and revolving line of credit agreement as president on July 20, 2007. Defendant Deitz also signed a commercial security agreement and a personal guaranty.

Defendant Deitz filed a chapter 7 bankruptcy petition on July 10, 2008. On the same day, Defendant Deitz formed Wellness Dimensions, P.C.

Plaintiff filed its complaint on November 4, 2008, alleging Plaintiff relied upon the accuracy of the June 15, 2007 financial statement, and Defendant Deitz induced Plaintiff to make the July 2007 loan based upon that financial statement. Plaintiff further alleges Defendant Deitz knew the financial statement was materially false and misleading and published it with the intent to deceive Plaintiff. Plaintiff also alleges it holds a "wrap around" security interest in all assets of Jonathan Chiropractic, P.C. and it continues to hold all assets as collateral. Plaintiff alleges Defendant willfully and wrongfully transferred a substantial portion of the assets to Wellness Dimensions, P.C., ignoring Plaintiff's security interest to the detriment of Plaintiff. Plaintiff further alleges that all

3

transfers created a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

Kip M. Kaler, the chapter 7 trustee assigned to this case, conducted a 2004 examination on November 26, 2008. On December 5, 2008, Defendant Deitz was granted a discharge under section 727. On February 13, 2009, Plaintiff filed a motion to amend complaint. This Court granted Plaintiff's motion to amend because new information surfaced upon Plaintiff's review of the 2004 examination transcript, the Court had already granted a discovery extension and trial continuance, and there was no undue delay nor disruption to the trial schedule to allow Plaintiff to amend its complaint.

Plaintiff served Defendants with a second set of discovery requests on April 21, 2009. Plaintiff filed its motion to compel and captioned the document, "Renewal of Plaintiff's motion to compel discovery and memorandum in support of renewal of motion." Plaintiff's attorney certified in his affidavit that he has made at least five contacts with Defendants' attorney seeking compliance with the discovery requests. On approximately May 26, 2009, Defendants answered and objected to all interrogatories and document requests (with the exception of interrogatory #1) stating that "no amended complaint has been filed . . ." Defendants also objected to each interrogatory on the bases of relevance and overbreadth. In their response to Plaintiff's motion to compel, Defendants stated they object to the second set of discovery requests on the grounds of relevance and overbreadth

Plaintiff filed its amended complaint on June 2, 2009. In addition to the original section 523 claim, the amended complaint includes allegations of a section 727 claim, a claim for piercing the corporate veil, and a claim for fraudulent conveyance.

4

CONCLUSIONS OF LAW

A.    Motion to Compel

Plaintiff suggests it is renewing its December 22, 2008 motion to compel. Plaintiff's July 8, 2009 motion and brief refer only to Defendants' failure to properly comply with the second set of interrogatories and demand for documents served on Defendants in April 2009. The Court finds that Plaintiff's motion to compel is not a renewal of its December 22, 2008 motion and deems it a new motion.

Defendants answered all interrogatories on May 26, 2009, with a blanket objection that no amended complaint had been filed. A copy of the proposed amended complaint was attached to Plaintiff's motion to amend on February 13, 2009. Defendants were also on notice that the amended complaint was forthcoming pursuant to this Court's April 13, 2009 Order granting Plaintiff's motion to amend complaint. Although Plaintiff waited until June 2, 2009 to file its amended complaint, the contents of the amended complaint have not been a mystery to Defendants. Since the filing of the amended complaint on June 2, 2009, Defendants have made no attempt to supplement the interrogatories and requests for production of documents.

The court has broad discretion in managing discovery. U.S. v. Scott, 26 F.3d 1458, 1463 (8th Cir. 1994) (citing Voegeli v. Lewis, 568 F.2d 89 (C.A.S.D. 1977)). Answers to interrogatories and documents relating to Defendant Deitz's finances and ownership in property, business dealings and the transfer of property to Defendant Wellness Dimensions may be relevant to Plaintiff's claim. Relevance cannot be determined until that information is released and reviewed.

B.  Partial Judgment

Rule 56 of the Federal Rules of Civil Procedure governs the granting of summary judgment motions and is made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment is appropriate if, "assuming all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane), 124 F.3d 978, 981-82 (8th Cir. 1997), cert. denied, 522 U.S. 1112 (1998) (citations omitted). Procedurally, the initial burden is on the moving party to establish the lack of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Dennis v. Novotny (In re Novotny), 224 B.R. 917, 921 (Bankr. D.N.D. 1998). However, summary judgment will not be granted in the moving party's favor "unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" Simundson v. United Coastal Ins. Co., 951 F. Supp. 165, 166-67 (D.N.D. 1997) (quotation omitted). The court views the record in light most favorable to the nonmoving party and affords that party all reasonable inferences. Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008).

1.  Section 727 claim

Defendants assert that Plaintiff has failed to comply with 11 U.S.C. § 727(d) and that Plaintiff's amended complaint fails to state a claim for which relief may be granted on its section 727 claim, its claim for piercing the corporate veil and its claim for fraudulent conveyance.

Section 727 provides:

>   (d)  On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if--

6

    (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

    (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;

    (3) the debtor committed an act specified in subsection (a)(6) of this section; or

    (4) the debtor has failed to explain satisfactorily--
      (A) a material misstatement in an audit referred to in section 586(f) of title 28; or
      (B) a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28.

  (e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge--
    (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
    (2) under subsection (d)(2) or (d)(3) of this section before the later of--
      (A) one year after the granting of such discharge; and
      (B) the date the case is closed.

11 U.S.C. § 727(d) and (e).

  Defendants cite Asbury v. Asbury (In re Asbury), 250 B.R. 59 (Bankr. D. Md. 2000), and argue that Plaintiff has not filed a motion for revocation of discharge and the amended complaint does not state any facts upon which a revocation of discharge might be based. In its response, Plaintiff concedes that its amended complaint is inartfully drafted but that it should not be the basis for partial judgment. Plaintiff also argues that Defendants' failure to provide discovery hinders its ability to defend the motion for partial judgment. Further, Plaintiff admits that it has not filed a

7

request to revoke discharge, but argues that should the Court find this is a fatal flaw, "a request to revoke the discharge "could be brought."

As in this case, In re Asbury also involved a complaint that was filed prior to the granting of a discharge. 250 B.R. at 61. The creditor amended its complaint several times prior to discharge, and filed a third amended complaint after discharge in which the allegations were not substantially different from its first complaint. Id. at 61-64. The court in In re Asbury held that a discharge could be granted while a complaint alleging a section 523 claim is pending because the relief requested in the complaint is that one or more debts to be excepted from discharge. Id. at 65. However, because the granting of a discharge is incompatible with a pending complaint to completely deny a discharge, a complaint objecting to discharge may not be maintained after a discharge has been granted, without first seeking to strike the discharge if the Code permits. Id. at 66.

In this case, Defendant Deitz was granted a discharge under section 727. On February 13, 2009, Plaintiff filed a motion to amend its complaint. This Court allowed leave to amend the complaint based upon the facts that new information had surfaced, the Court had already granted a discovery extension and trial continuance, and there would be no undue delay or disruption to the trial schedule in allowing Plaintiff to amend its complaint. The Court also recognized that discovery was not complete. Although Plaintiff did not file its request to revoke discharge at the time it filed the amended complaint, and indeed has yet to file said request even after Defendants pointed out this flaw, the fact remains that the statute of limitations has not yet tolled for the filing of the request to revoke discharge under section 727(e). Additionally, there is nothing in section 727(e) that requires Plaintiff to file a request to revoke discharge simultaneously with an amended complaint. The facts of this case are distinguishable from In re Asbury. In this case, the Court

8

granted leave to amend the complaint based on new discovered information after Plaintiff reviewed the 2004 examination transcript, whereas in In re Asbury, the creditor was given several opportunities to amend its complaint prior to discharge, filed a third amended complaint after discharge with allegations that were not substantially different from its first complaint. The court in In re Asbury summed it up by saying the court had given the plaintiff in that case "four or five bites at the apple. . . This was the last bite." This is not yet the case here. This Court declines to apply In re Asbury to the facts of this case because the Court agrees that Plaintiff is not sufficiently capable of defending the motion for partial judgment when Defendants continue to delay discovery and Plaintiff's inartful drafting of the amended complaint is not a basis for granting judgment on the pleadings. Plaintiff's failure to file a request to revoke discharge at the time is not grounds to grant Defendants' motion for partial judgment. A section 727(d) request is necessary, however, for Plaintiff to proceed to trial with its section 727 claim.

    2.    Piercing the Corporate Veil

Defendants argue that judgment should be granted relating Plaintiff's piercing the corporate veil allegation because it is a "waste of the Court's time." Plaintiff alleges that the claim sets out the facts showing that Defendant Deitz commingled funds and transfers between himself and various business entities and that Defendant Deitz and Jonathan Chiropractic are one and the same. These factual allegations, if disallowed at trial, could hinder Plaintiff's ability to present its other claims. The Court does not believe presentation of evidence relating to this allegation is a "waste of the Court's time."

9

  3.  Fraudulent Conveyance

Defendants argue that Plaintiff's fraudulent conveyance claim fails on one of two grounds. First, Defendants suggest that if the Court determines this proceeding is a core proceeding then Plaintiff's lack standing to pursue the fraudulent conveyance claims under 11 U.S.C. § 548. Second, Defendants assert that if the Court determines this proceeding is a noncore proceeding then Plaintiff, as a secured creditor, does not have a claim for fraudulent conveyance under state law.

Title 28 U.S.C. § 157 states that a bankruptcy judge "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." Section 157(2) details the following nonexclusive list of core proceedings:

  (A) matters concerning the administration of the estate;
  (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
  (C) counterclaims by the estate against persons filing claims against the estate;
  (D) orders in respect to obtaining credit;
  (E) orders to turn over property of the estate;
  (F) proceedings to determine, avoid, or recover preferences;
  (G) motions to terminate, annul, or modify the automatic stay;
  (H) proceedings to determine, avoid, or recover fraudulent conveyances;
  (I) determinations as to the dischargeability of particular debts;
  (J) objections to discharges;
  (K) determinations of the validity, extent, or priority of liens;
  (L) confirmations of plans;
  (M) orders approving the use or lease of property, including the use of cash collateral;
  (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

 (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and
 (P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

The proceeding at hand is a core proceeding and falls within a few of the nonexclusive list under Section 157(2). Theses proceedings are to determine, avoid, or recover fraudulent conveyances, relate to determinations of dischargeability of particular debts, and relate to objection to discharge.

Defendants also argue that only a trustee has standing to pursue a section 548 fraudulent conveyance claim in a core proceeding.

Title 11 U.S.C. § 548 discussing fraudulent transfers and obligations states:

(a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
 (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
 (B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
  (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
   (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
   (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
   (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an

11

>                    insider, under an employment contract and not in the
>                    ordinary course of business.

A recent Eighth Circuit case, In re Racing Services, Inc., 540 F.3d 892 (8th Cir. 2008) involved a creditor attempting to bring claims under sections 547 and 548. The Eighth Circuit held that a creditor may proceed derivatively to pursue its claims when it shows that a Chapter 7 trustee is "unable or unwilling" to pursue the claims. Id. at 898. In re Racing Services, Inc., outlines the elements of this requirement. Id. at 898-701. Further, the Eighth Circuit held that derivative standing is also available to a creditor when it shows that a Chapter 7 trustee consents to the creditor's suit. Id. at 902. Therefore, case law is clear that bringing such claims is not limited to the trustee. Should Plaintiffs proceed with its fraudulent conveyance claim, Plaintiff must follow the procedure and prove the elements recited in In re Racing Services, Inc.

A pattern is emerging in this case of retaliatory filings which are indicative of the parties' general uncooperativeness. In each instance, Plaintiff files a motion, Defendants return with a motion for summary judgment and Plaintiff returns with yet another motion. In more cases than not, an unnecessary return is filed to each motion response. As noted in a previous summary judgment order, the parties inundate the Court with voluminous motions and numerous filings, and each is followed by a plethora of responses and returns with attached superfluous exhibits.

Beginning with Plaintiff's first motion to compel and its disregard for the meet and confer requirement, continuing with its "inartful drafting" and delayed filing of its Amended Complaint, and most recently Plaintiff's failure to file a request to revoke discharge to date, the Court strongly suggests that from here forward, Plaintiff do its homework and properly proceed to trial for each claim it intends to pursue. Allegations also remain that Defendant Dietz has not been forthcoming in providing discovery and has failed to keep or produce records. Reiterating one of the Court's

previous orders, without discovery being complete and presentation of all the evidence, this Court cannot make a determination as to the accuracy of the financial statements, Plaintiff's reliance upon those statements, Defendant Dietz's intent in publishing the financial statements, or Defendant Dietz's intent and actions related to the conveyance of his assets. Further, the Court cannot make a determination as to Plaintiff's section 727 claim, its claim for piercing the corporate veil or its claim for fraudulent conveyance without discovery being complete.

Defendants have not established the right to judgment with such clarity to leave no room for controversy. Viewing the record in light most favorable to Plaintiff, partial judgment is not appropriate at this juncture. As such, Defendants are not entitled to judgment as a matter of law.

Accordingly, Defendants Jonathan W. Dietz and Wellness Dimension's motion for partial judgment is **DENIED** in its entirety and Plaintiff Security First Bank's Motion to Compel Discovery is **GRANTED**.

**SO ORDERED.**

Dated this 31th day of August, 2009

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**